IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DIVA SHOES & ACCESSORIES, an unknown business entity; HERYADI YUSUF, an individual; RIFKY YUSUF, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 10-5151 SC <br><br> ORDER RE SUPPLEMENTAL <u>EVIDENCE</u> |

## I. **INTRODUCTION**

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs" or "Coach") have filed suit against Defendants Diva Shoes & Accessories ("Diva"), Heryadi Yusuf, and Rifky Yusuf ("collectively, Defendants") for trademark infringement under the Lanham Act and related claims. ECF No. 1 ("Compl."). Coach now seeks default judgment. ECF No. 11 ("Mot."). Having considered Coach's Motion for Default Judgment, the Court hereby orders Coach to provide supplemental evidence as described below.

## II. **DISCUSSION**

In seeking the supplemental information, the Court takes into

account "[t]he general rule of law . . . that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.1987). However, the Court is still entitled under Federal Rule of Civil Procedure 55 to conduct a hearing, not only to determine the amount of damages, but also to establish the truth of any allegation by evidence and to investigate any other matter. See Fed. R. Civ. P. 55(b)(2). Here, the Court's concerns relate to the allegations involving Rifky Yusuf and the basis for the amount of damages sought by Plaintiffs.

A. Rifky Yusuf

Coach has alleged that "Defendants Heryadi Yusuf and Rifky Yusuf were the active, moving, and conscious forces behind the alleged infringing activities of Diva." Compl. ¶ 22. Coach provides further information linking Heryadi Yusuf to Diva; Coach alleges that its own investigators assisted local police in a criminal action against Diva which led to the arrest of Heryadi Yusuf as the store's owner. Compl. ¶ 20. However, Coach provides no further information linking Rifky Yusuf to Diva. Moreover, the process server who served Rifky Yusuf by substitute service was informed by the person in charge at Diva that Rifky Yusuf owns the "iPod Accessories" kiosk located across from Diva. ECF No. 7 ("Rifky Yusuf Proof of Service"). Accordingly, the Court requires more evidence that Rifky Yusuf is in fact a moving force behind Diva's infringing conduct and not merely the owner of a kiosk located near the store. The Court therefore orders Coach to provide supplemental evidence supporting its contention that Rifky Yusuf was a moving force behind Diva's infringing activities.

B. <u>Statutory Damages Under 15 U.S.C. § 1117(c)</u>

In its Motion, Coach asks for statutory damages pursuant to 15 U.S.C. § 1117(c). The statute provides for statutory damages "not less than $ 1,000 or more than $ 200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). In cases where the defendant's conduct is willful, a court may enhance the statutory damages award to an amount "not more than $ 2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). Coach has alleged sufficient facts to demonstrate that Diva's infringement was willful, and Coach is therefore entitled to seek statutory damages in an amount not less than $1,000 and not more than $2,000,000, as the Court considers just. Coach requests an award of $1,000,000. Mot. at 8.

Section 1117(c) does not give any specific guidance as to how a court should determine an appropriate statutory damages award. However, because statutory damages are meant to serve as a substitute for actual damages, the Court should consider whether the requested damages "bear some relation to the actual damages suffered." <u>Coach, Inc. v. Ocean Point Gifts</u>, No. 09-4215, 2010 U.S. Dist. LEXIS 59003, *15 (D. N.J. Jun. 14, 2010). Accordingly, some district courts have used § 1117(b), which provides for trebling actual damages in cases of willful infringement, as a guide for setting damages under § 1117(c). <u>Chanel v. Doan</u>, No. C-05-03464, 2007 U.S. Dist. LEXIS 22691, *10 (N.D. Cal. Mar. 13, 2007) (estimating defendant's profits and trebling for willfulness). Courts have also considered the factors used to

3

determine awards of statutory damages under an analogous provision of the Copyright Act, which includes factors such as the expenses saved and profits reaped by the defendant, and the revenues lost by the plaintiff. See, e.g., Chanel v. Tshimanga, No. C-07-3592, 2008 U.S. Dist. LEXIS 118783, *34 (N.C. Cal. Jul. 15, 2008).

In its Motion, Coach notes that "since Defendants have not provided any discovery in this case, Plaintiffs lack information sufficient to determine the exact amount of Defendants' profits or the amount of infringing products actually sold by them." Mot. at 6. While this is certainly true, Coach undoubtedly has information in its control that would assist in determining an appropriate damages award but has chosen not to provide this information to the Court. Coach states that its own investigators visited Diva on at least two occasions and witnessed counterfeit goods for sale firsthand. Mot. at 2. The Coach investigators later assisted local police in a criminal action against Diva. Id. Nevertheless, Coach provides almost no information from its investigations. Coach fails to specify the type or types of counterfeit products for sale at Diva -- i.e., whether the counterfeit products were handbags, eyewear, wallets, footwear, jewelry, or other accessories. Nor does Coach provide such crucial information as which of its marks were infringed, approximately how many counterfeit Coach items were displayed in the Diva store at any given time, or the price range of the counterfeit items on display. Coach has provided precisely such information in other nearly identical cases, and the Court is disturbed by its failure to do so here. See, e.g., Coach, Inc. v. Ocean Point Gifts, No. C-09-4215, 2010 U.S. Dist. LEXIS 59003, *2 (D. N.J. Jun. 14, 2010). The Court

therefore orders Coach to provide supplemental evidence setting forth particular facts of Defendants' infringing conduct such as those noted above.

### III. CONCLUSION

Coach shall provide the supplemental evidence requested above within two weeks of the date of this order.

IT IS SO ORDERED.

Dated: April 5, 2011

UNITED STATES DISTRICT JUDGE